## P. SALVADOR v. THE STATE.

### No. 4024. Decided April 5, 1916.

**1.—Local Option—Apple Cider—Intoxicating Liquor.**

Where, upon trial of a violation of a local option law, the evidence showed that the defendant sold apple cider and defendant's evidence showed that this was not an intoxicant and submitted a requested instruction covering this phase of the case which the court refused, the same was reversible error.

**2.—Same—Intoxicating Liquor—Hard Cider.**

Upon trial of a violation of a local option law, where the State's testimony showed that the defendant sold apple cider, and introduced testimony that this was an intoxicant which the defendant contested by testimony that it was not, it was error to admit testimony to the effect that some forty or fifty years ago they made cider, and that while fresh cider so made would not so intoxicate, but if it became what was then called hard cider it would intoxicate, as the process of making apple cider was not shown to have been in vogue at the time this cider was made; there being no evidence that this was hard cider.

**3.—Same—Argument of Counsel—Practice on Appeal.**

Where the judgment was reversed and the cause remanded upon other grounds the remarks of the county attorney need not be considered.

Appeal from the County Court of Wise. Tried below before the Hon. J. W. Walker.

Appeal from a conviction of a violation of a local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Ratliff & Spencer* and *H. E. Lobdell,* for appellant.—On question of admitting process of making cider: Newman v. State, 55 Texas Crim. Rep., 376; Dane v. State, 36 id., 84; Branch's Crim. Law, paragraph 556.

On question of refusing requested charge: Ross v. State, 52 Texas Crim. Rep., 604, 108 S. W. Rep., 375.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for violating the local option law, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

The evidence is to the effect that appellant was selling apple cider. Some of the evidence of one or two State's witnesses shows or tends to show that it was an intoxicant. Appellant's contention was that it was not; that it was ordinary apple cider, and a great deal of testimony was introduced to show that it was not an intoxicant.

The court instructed the jury that if they find appellant did unlawfully sell intoxicating liquor to J. P. Clement as charged, and that the sale of intoxicating liquor had theretofore been and was then and there prohibited in Wise County, they should find him guilty. Appellant asked the following instruction, which was refused: "Before you can convict you must be satisfied from the evidence in this case beyond

a reasonable doubt that the defendant, P. Salvador, sold to prosecuting witness, Clements, one quart of cider in Wise County on the 9th day of March, 1915, and that said cider was intoxicating; that is, that same, when taken into the stomach of an ordinary man in reasonable quantities would intoxicate him, and unless you so believe beyond a reasonable doubt, you will acquit the defendant." In substance, this was presented in another form in another special requested instruction, which was also refused. We believe these charges should have been given. The court did not give this phase of the law, and it was a very serious issue in the case with quite a lot of evidence against the fact that it was intoxicating. On this question the testimony is in direct conflict. This issue was raised in the case, and it is the law, as we understand in Texas, that before a party can be convicted of violating the local option law the evidence must show that he sold an intoxicant or that the liquid if taken in reasonable quantities would intoxicate, otherwise it is not a sale of intoxicants in local option territory. It is true, a man does not have to get drunk, but the beverage or liquid used must be of such a nature that if taken in reasonable quantities it might or would intoxicate. This issue was presented by this record and special charges in regard to the matter were refused, and exception taken.

There is another question presented which we think was erroneous. These will be treated in a general way, as both bills are to the same effect. Testimony was permitted from a couple of witnesses to the effect that some forty or fifty years ago they made cider in Tennessee and Georgia, and that fresh cider or new cider would not intoxicate when they made it, but if it become what they called "hard cider," it would intoxicate. These witnesses testified that the cider they referred to was made of apples, and the evidence here indicates that the cider mentioned was apple cider. It was bought by appellant as apple cider and sold generally and openly. Objections were urged to this testimony, which we think should have been sustained. The process in making apple cider may or may not have been in vogue at the time this cider was made, if made from apples, as testified by the witnesses thirty, forty or fifty years ago. There was no evidence in the record that this was hard cider. The testimony shows that appellant shipped it from Memphis, Tennessee, or some point in Tennessee. He sold it at his drink stand to any and everybody, and a great many people bought and drank it. The State could prove, if it could, that it was hard cider sold by appellant, and was intoxicating, but to go back forty or fifty years to the then process of making apple cider and that it was then a non-intoxicant or an intoxicant, would hardly be germane or relevant to the issue in this case; at least, without some fact which showed that this would come within the plan of making cider at the time about which these witnesses testified. As presented, this testimony was inadmissible.

There is another question presented for revision, towit: the remarks of the county attorney. Upon another trial these matters will not occur.

For the reasons indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*